Filed 3/1/23  P. v. Bobo CA2/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and<br>     Respondent,<br><br>v.<br><br>ALVIN BOBO,<br><br>     Defendant and<br>     Appellant. | B305298<br><br>(Los Angeles County<br>Super. Ct. No. A365859) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed and remanded with directions.

Lori Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General,

Idan Ivri and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Alvin Bobo and a codefendant of murder, burglary, and robbery and we affirmed the convictions on Bobo's direct appeal. (*People v. Bobo* (Oct. 4, 1983, 2 Crim. No. 42179) [nonpub. opn.] p. 3 (*Bobo I*).) In 2019, Bobo filed a facially sufficient petition under Penal Code section 1172.6 (former section 1170.95).[1] The trial court denied Bobo's petition on the merits, and Bobo did not appeal from the trial court's order.

In 2020, Bobo filed a second facially sufficient petition for resentencing under section 1172.6. The trial court denied the second petition as a successive petition. Bobo filed a timely notice of appeal. We affirmed the trial court's denial of Bobo's petition for resentencing, concluding that Bobo's argument was foreclosed by our opinion in *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*) (disapproved by *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3 (*Strong*)). (*People v. Bobo* (June 24, 2021, B305298) [nonpub. opn.] p. 2 (*Bobo II*).)

Bobo filed a petition for review in the Supreme Court, which granted the petition and held the case pending its decision in *Strong*. After it decided *Strong*, the Supreme Court transferred this case back to us with directions to vacate our decision and reconsider the cause in light of *Strong*. On reconsideration, we reverse the trial court's order denying Bobo's petition for resentencing.

---

[1] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 with no change in its text. (Stats. 2022, ch. 58, § 10.) Further statutory references are to the Penal Code.

## BACKGROUND

A jury found Bobo and a codefendant guilty of first degree murder, burglary, and robbery for events leading to the death of George Latronis on February 5, 1981.[2] (*Bobo I*, *supra*, 2 Crim. No. 42179 at pp. 2-3.) The trial court sentenced Bobo to life without the possibility of parole on the first degree murder count and to the upper terms on the burglary and robbery counts, but stayed the sentences on the burglary and robbery counts pending service of the sentence for murder. (*Id.* at p. 2.)

We affirmed Bobo's conviction in an unpublished opinion filed on October 4, 1983. (*Bobo I*, *supra*, 2 Crim. No. 42179 at p. 19.)

On January 9, 2019, Bobo filed a petition for resentencing under section 1172.6. On February 4, 2019, the trial court denied Bobo's petition. The trial court's February 4, 2019 minute order says that "[t]he appellate decision affirming petitioner's conviction and sentence . . . reflects that petitioner was a direct aider and abettor in the murder of the victim and, at the very least, petitioner was a major participant in the robbery murder and burglary murder of the victim and acted with reckless indifference to human life." Bobo did not appeal.

On May 17, 2019, Bobo filed a section 1172.6 petition in this court. We considered Bobo's petition as a petition for writ of mandate, and summarily denied it on May 29, 2019. (*Bobo v. Superior Court* (May 29, 2019, B297660) [order denying petition for writ of mandate].) On October 31, 2019, Bobo filed a petition

---

[2] Latronis had been bound and gagged during a robbery and "died as a result of strangulation or suffocation." (*Bobo I*, *supra*, 2 Crim. No. 42179 at p. 3.)

for writ of habeas corpus in this court arguing that he was entitled to relief under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). We summarily denied the habeas petition on November 6, 2019. (*In re Alvin Bobo* (Nov. 6, 2019, B301889) [order denying petition for writ of habeas corpus].)

On February 10, 2020, Bobo filed a second petition in the trial court under section 1172.6. The trial court denied the petition on February 11, 2020. The trial court's minute order states: "Petitioner's previous Penal Code section 1170.95 petition was denied on February 4, 2019. The Court of Appeal rejected petitioner's petition for writ of mandate on May 17, 2019. Petitioner now raises the same issues raised and rejected before. Petitioner remains ineligible for relief. [¶] Petition denied."

Bobo filed a timely notice of appeal from the trial court's order denying his second section 1170.95 petition for resentencing. We affirmed, concluding that our opinion in *Galvan* required Bobo to seek relief based on *Banks* and *Clark* on a petition for writ of habeas corpus. (*Bobo II*, B305298 at p. 7.) We concluded that our earlier summary denial of Bobo's petition for writ of habeas corpus presented no obstacle to the remedy because, we said, " 'a summary denial of a habeas petition does not establish law of the case or have a res judicata effect in future proceedings.' " (*Id.* at pp. 8-9, fn. 3, quoting *Galvan*, *supra*, 52 Cal.App.5th at p. 1143.)

The Supreme Court granted Bobo's petition for review and held the matter pending its decision in *Strong*. After it issued its opinion in *Strong*, the Supreme Court transferred the matter to us and directed us to vacate our opinion and reconsider the cause in light of *Strong*. We vacated our opinion and now reconsider

4

the matter in light of the Supreme Court's opinion in *Strong, supra*, 13 Cal.5th 698.

## DISCUSSION

Under section 1172.6, a defendant "convicted of felony murder" may file a petition to have the murder conviction vacated and "be resentenced on any remaining counts." (§ 1172.6, subd. (a).) A defendant makes a prima facie case for relief under this section if, among other requirements, the defendant "could not presently be convicted of murder" under the amendments to sections 188 or 189 that became effective on January 1, 2019. (§ 1172.6, subd. (a)(3).) These statutes, as amended, still authorize a murder conviction under the felony murder doctrine if the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).) Thus, if these facts can be established as a matter of law based on the record of the defendant's conviction, the court may determine that the defendant has failed to make a prima facie case for relief and deny the defendant's petition without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

On Bobo's first section 1172.6 petition, the trial court concluded that Bobo was "a major participant in the robbery murder and burglary murder of the victim and acted with reckless indifference to human life." The trial court's conclusion, however, was based on its reading of the "appellate decision affirming petitioner's conviction and sentence," and not based on the results of an evidentiary hearing under section 1172.6, subdivision (d)(3). The trial court's conclusion in this instance constitutes "factfinding prohibited at the prima facie stage." (*Strong, supra*, 13 Cal.5th at p. 720.)

5

The People concede that Bobo is entitled to an evidentiary hearing under section 1172.6, subdivision (d), and we agree. Bobo's facially sufficient section 1172.6 petition entitles him to the appointment of counsel, an order to show cause, and an evidentiary hearing under section 1172.6, subdivision (d)(3).

In their briefing on Bobo's appeal from his second section 1172.6 petition, the People argued that Bobo's petition should be barred as a successive petition. Indeed, the trial court denied the second section 1172.6 petition on that ground. We did not reach the People's collateral estoppel argument in our earlier opinion. Nor will we here. On remand from the Supreme Court, the People have abandoned their collateral estoppel argument for purposes of Bobo's petition. The People pointed out in their collateral estoppel briefing that Bobo's relief would have been to file a petition to allow a late-filed notice of appeal from the trial court's denial of his first section 1172.6 petition. Rather than expend judicial resources that would leave both the parties and this court in the same place, we have deemed Bobo's notice of appeal to be a late-filed notice of appeal from the trial court's denial of his first section 1172.6 petition and decide this matter on the merits. Even if we were to ignore the People's concession, we would likely arrive at the same conclusion based on our reading of *Strong*: "[P]reclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue. . . . '[A] judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable.'" (*Strong*, *supra*, 13 Cal.5th at pp. 716-717.) The Supreme Court's decisions in *Lewis* and *Strong* represent a significant change in the law upon which the denial

6

of Bobo's initial petition was decided.  Bobo's petition is not barred by collateral estoppel principles.

We agree with both Bobo and the People that the matter should be remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

## DISPOSITION

The trial court's order denying Bobo's petition for resentencing is reversed.  On remand, the trial court will issue an order to show cause and conduct an evidentiary hearing under section 1172.6, subdivision (d).

NOT TO BE PUBLISHED


CHANEY, J.

We concur:



ROTHSCHILD, P. J.



BENDIX, J.

7